John J. RILEY, Plaintiff, Appellant,

v.

UNIVERSITY OF LOWELL, et al.,
Defendants, Appellees.

No. 80–1324.

United States Court of Appeals,
First Circuit.

Submitted March 5, 1981.

Decided June 23, 1981.

John J. Riley, on brief pro se.

Francis X. Bellotti, Atty. Gen., Boston, Mass., and Alexander G. Gray, Jr., Asst. Atty. Gen., Boston, Mass., on brief for defendants, appellees.

Before COFFIN, Chief Judge, CAMP-BELL and BREYER, Circuit Judges.

PER CURIAM.

Appellant, an associate professor of English at the University of Lowell, alleging that he had been denied promotion to full professor because of his age, filed suit against the University, its president, vice-president, provost, the Dean of the College of General Studies (which included the Department of Languages and Literature where appellant taught), the deans of other colleges and the members of the Departmental Personnel Committee (which passed upon his applications for promotion). The action was grounded on the Age Discrimination In Employment Act (ADEA), 29 U.S.C. §§ 621–634; a civil rights statute, 42 U.S.C. § 1985; the First and Fourteenth Amendments to the Constitution; and a state tort claim of intentional infliction of emotional distress. A substituted amended complaint further alleged that defendants had harassed and retaliated against him for having initiated the present suit. A jury returned a verdict in favor of defendants on all claims.

On appeal three general areas of error are set out. It is argued that the district court erred in numerous evidentiary rulings, that it erred in its instructions to the jury and that throughout the trial the district court was openly prejudiced against the appellant. Most of these claims either overlap or are closely related. The prejudice claim permeates the entire argument on appeal. We find no merit in any issue listed.[1]

Appellant lists some thirteen specific instances where the district court allegedly erred in its evidentiary rulings. Nine of the thirteen claims of error ((a)(1), (4)–(11)) involve matters well within the district court's discretion, viz, whether to allow or disallow the introduction of evidence challenged as irrelevant, cumulative, repetitive or prejudicial, and whether the court could have reserved its ruling on defendants' motions for directed verdict (a–6). In each instance cited it is difficult to discern even a minimal measure of abuse of that discretion.[2] Three other claims ((a)(2)(3), (N)) deal with the court's treatment of plaintiff's expert witness, a psychiatrist who had treated appellant. Succinctly, the court allowed him to testify as to his diagnosis of appellant's condition and as to

---

1. For convenience we adopt and utilize appellant's listing of the claimed errors as it appears in his statement of issues on appeal.

2. This includes the claim that it was error for the court to accept evidence of prior suits and grievances filed by appellant and to allow cross-examination on certain statistical evidence, a matter first raised by plaintiff.

how he reached his conclusions. The court, however, instructed the jury that it need not accept as true those statements made by appellant to the psychiatrist as part of the medical history. Because this medical history was essentially a summary of the allegations of appellant's suit—*i. e.* his belief that although fully qualified he had been denied promotion because he was considered old, and that he was constantly harassed—the court's instruction was entirely proper. Moreover, it neither detracted from the expert's testimony nor precluded the jury from accepting it in its entirety. One other argument (a–12) claims the district court admitted prejudicial hearsay. Having examined the pages of the transcript cited to us we disagree the evidence admitted was either hearsay or prejudicial.

 Appellant next lists some fourteen specific instances [(b)–(e), (g), (i)–(m), (o)–(r)] where the court allegedly erred in its instructions to the jury. This part of the appeal is fatally flawed because the record contains no objections to the instructions given to preserve these issues for review on appeal. Fed.R.Civ.P. 51; *see* *McKinnon v. Skil Corporation,* 638 F.2d 270, 273 (1st Cir. 1981). In any event, we have examined the instructions and find they adequately and correctly charged the jury on the controlling law. On the ADEA claim the court correctly interpreted *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir. 1979), and commendably framed its charge in simple comprehensible terms. In his attack on the jury instructions appellant makes much of the argument [3] that he fully met the four elements of a prima facie case of discrimination under *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Whether he did was for

the jury to decide. Beyond this, even accepting that he had satisfactorily done so, he would be mistaken to labor under the misconception that this was sufficient to win his case. This established only a "legally mandatory, rebuttable presumption." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254, n.7, 101 S.Ct. 1089, 1094, n.7, 67 L.Ed.2d 207 (1981). The nature of appellees' defense at trial, which was that the decision not to recommend promotion was governed by subjective discretionary elements which are traditional in the academic setting, *i. e.,* excellence in teaching, research and achievement of advanced degrees and service to the university and community, was more than sufficient to set out an issue proper for the jury. *Id.* 450 U.S. at 254, 101 S.Ct. at 1094. *Cf. Banerjee v. Board of Trustees of Smith College,* 648 F.2d 61 at 62–64 (1st Cir. 1981) (requiring articulation of reasons for refusing tenure); *Beitzell v. Jeffrey,* 643 F.2d 870 at 876 (1st Cir. 1981) at 876 (same; discussing discretionary nature of university appointments). Lastly, we can perceive no error in the court's instructions with respect to the role of an expert witness or in the manner of assessing damages.

 The last area of contention on appeal is appellant's allegation that the district court was prejudiced against him. To support this appellant points to the district court's evidentiary rulings and to particular comments by the trial court. However, adverse rulings alone, especially correct ones, are no measure of prejudice. *Blizard v. Frechette,* 601 F.2d 1217, 1221–22 (1st Cir. 1979). Further, having examined the comments complained of [4] we can only sympa-

---

**3.** Also, in this respect appellant dwells too heavily on matters which are more directed at attempting to show that the jury could not have decided as it did rather than explaining to us why the instructions were erroneous.

**4.** Appellant particularly focuses on the following exchange which occurred during argument on defendants' motion for directed verdict:

"The Court: Well, someone is going to have to explain something before this case is over.

"I am going to get to the bottom of why this suit was brought, against whom it was brought,

and the reasons why it has proceeded to this level in the current fashion.

"I just have too much—This is not a sandbox in which we all come in and play. This is a court of law, and if there is any basis for an action against some of these defendants, then they are entitled to be redressed for being forced to come here and answer charges, when the depositions taken long before this substitute amended complaint was filed indicated that at least Mr. O'Connor and Mr. Jarvis voted for Mr. Riley."

thize with the trial court's displeasure at being informed after a four day trial that appellant had continued suit against some defendants who were only remotely connected to the promotional process and others who had in fact voted affirmatively in favor of promotion. But even assuming the court's commentary strong—which we do not—because it was outside the presence of the jury there was no harm. The remaining claims of error listed are totally without any substance and deserve no further discussion.

*Affirmed.*